**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| NAHID NOOSHI,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN, a credit reporting agency, and GE MONEY BANK, and J.C. PENNEY,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

**PARTIES**

1.

Plaintiff is an individual residing in the state of Oregon.

2.

Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 USC §1681 *et seq*. Experian is an Ohio corporation with its principal place of business in Costa Mesa, California, and which operates nationally and internationally, including in the state of Oregon.

**Page 1 - COMPLAINT**

3.

Defendant GE Money Bank ("GEMB") is a credit card processing company, which reports to credit reporting agencies such as Experian. GEMB is a furnisher of information as contemplated by the Fair Credit Reporting Act, that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

4.

Defendant J.C. Penney ("JCP") is a foreign business corporation doing business in the state of Oregon. JCP is a furnisher of credit information as contemplated by the Fair Credit Reporting Act.

## JURISDICTION

5.

This action is brought pursuant to 15 USC §1681 *et seq.*, and so presents a federal question, and jurisdiction therefore arises under 28 USC §1331 and 15 USC §1681 *et seq*.

## GENERAL BACKGROUND

6.

The Fair Credit Reporting Act, 15 USC §1681 et seq. is designed to protect consumers from inaccurate or arbitrary information in a consumer report and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

7.

The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action against furnishers and users of credit information. 15 USC §§1681n, 1681o, and 1681s-2. Creditors who

subscribe to credit reporting agencies, like other furnishers and users of credit information, have duty under FCRA to update and correct information.

8.

FCRA prohibits any furnisher-subscriber from furnishing information relating to a consumer to a credit reporting agency if the "person knows or consciously avoids knowing that the information is inaccurate." 15 USC §1681s-2[1][A]. Moreover, once a subscriber has been notified that specific information is inaccurate and the information, in fact, turns out to be inaccurate, that information must be deleted and suppressed and cannot continue to be furnished. If the furnisher-subscriber determines that information it has reported is inaccurate or incomplete, the furnisher has a duty to notify, retract and correct its prior reportings to all agencies to whom it subscribes and to correct its own internal records.

9.

The furnisher-subscriber is prohibited from re-reporting the false information. 15 USC §1681s-2[a][3]. Furnishers who are notified by the credit reporting agencies have a duty to conduct an investigation with a reasonable time with respect to the disputed data; review the information provided; report the results back to the agencies; and if the data is inaccurate, report the results to all agencies to whom they subscribe and correct their internal records. 15 USC §1681i and 1681s-2. Any dispute must reported forward as a "disputed matter" until resolved and either deleted, amended, or left intact.

10.

FCRA expressly provides consumers with a private cause of action; violations of 15 USC §1681s-2 are enforceable and actionable via 15 USC §1681n and 15 USC §1681o, depending on

**Page 3 - COMPLAINT**

whether the violation is willful or merely negligent.

## FACTUAL ALLEGATIONS

11.

Plaintiff realleges paragraphs 1 through 10 above.

12.

Plaintiff obtained a copy of her consumer report. Specifically she obtained a copy of her Experian consumer file which is used by Experian to generate consumer reports relating to Ms. Nooshi.

13.

That disclosure of Plaintiff's file contained inaccurate credit information relating to an account reported to Experian by GEMB. Specifically, GEMB reported that a disputed JCP charge in the amount of $28.00 was "charged off" and "written off." That charge was not incurred by the Plaintiff, and the information should never have appeared on Plaintiff's credit report.

14.

Plaintiff disputed that inaccurate information directly with GEMB and with Experian, and requested that Experian reinvestigate and correct the information as envisioned by 15 USC §1681i.

15.

Plaintiff's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate and the source of information was not reliable.

16.

Experian responded to the dispute from Plaintiff by requesting verification of the credit information from GEMB.

17.

GEMB responded to Plaintiff's reinvestigation request by falsely verifying the credit information.

18.

Experian maintained the inaccurate credit information in Plaintiff's consumer file as a result of the verification from the source of the disputed information and Experian's own failure to consult a proper reinvestigation of the disputed information.

19.

GEMB failed to perform a reasonable reinvestigation, but instead relied upon false and invalid information from JCP.

**COUNT ONE (Experian) - FCRA 15 USC §1681e(b)**

20.

Plaintiff realleges paragraphs 1 through 19 above.

21.

The appearance of the inaccurate information was the direct and proximate result of Experian's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of FCRA, 15 USC §1681e(b).

22.

Experian negligently failed to maintain reasonable procedures to assure the maximum possible acuracy of Plaintiff's credit report in violation of 15 USC §1681e(b) and 1681o; alternatively Experian willfully failed to maintain reasonable procedures to assure the maximum possible acuracy of Plaintiff's credit report in violation of 15 USC §1681e(b) and 1681n.

23.

As a result of this violation of FCRA, Plaintiff has been denied a home equity loan and has thereby been damaged.

**COUNT TWO - (Experian) - FCRA 15 USC §1681i**

24.

Plaintiff realleges paragraphs 1 through 23 above.

25.

As a part of the reinvestigation, Experian was required to notify the furnishers of the allegedly inaccurate account information of the dispute in a notice.

26.

That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

27.

Experian failed to include all relevant information regarding the dispute to the furnishers of the allegedly inaccurate account information in violation of FCRA, 15 USC §1681i(a)(2)(A). Experian's reinvestigation improperly resulted in the reporting of information which was unverifiable in violation of FCRA 15 USC §1681i(5).

28.

Equifax negligently violated FRCA 15 USC §§1681i and 1681o; alternatively Equifax has willfully violated FRCA 15 USC §§1681i and 1681n.

///////

29.

**Page 6 - COMPLAINT**

As a result of this violation of FCRA, Plaintiff has been denied a home equity loan and has thereby been damaged.

**COUNT THREE - (GEMB) - Fair Credit Reporting Act**

30.

Plaintiff realleges paragraphs 1 through 29 above.

31.

GEMB was required under 15 USC §1681s-2(b) to respond to the request for reinvestigation initiated by the Plaintiff by completing an inquiry into the facts underlying the JCP account information and providing accurate information to the credit reporting agencies regarding that JCP account.

32.

In the event the GEMB was unable to verify the information which it had reported, GEMB was required to advise the credit reporting agency of this fact.

33.

Following the reinvestigation, GEMB reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of FCRA 15 USC §1681s-2(b), and the general duties implied to all conduct of furnishers under 15 USC §1681s-2(a)(1)(A).

34.

Following the reinvestigation and dispatch of notice directly to GEMB at its designated address, GEMB reported the erroneous credit information that was not in fact accurate, in violation of FCRA 15 USC §1681s-2(b), and the general duties implied to all conduct of furnishers under 15

USC §1681s-2(a)(1)(A).

35.

GEMB negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 USC §§1681s-2(b) and 1681o; alternatively GEMB willfully refused to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 USC §§1681s-2(b) and 1681n.

36.

GEMB negligently failed to conduct a proper reinvestigation of the disputed credit information in violation of 15 USC §§1681s-2(b) and 1681o; alternatively GEMB willfully refused to conduct a proper reinvestigation of disputed credit information in violation of 15 USC §§1681s-2(b) and 1681n.

37.

As a result of this violation of FCRA, Plaintiff has been denied a home equity loan and has thereby been damaged.

### COUNT FOUR (J.C. Penney) - Fair Credit Reporting Act

38.

Plaintiff realleges paragraphs 1 through 37 above.

39.

The disputed account was supposedly with JCP, who wrongfully and improperly reported a delinquency on the account, in violation of the Fair Credit Reporting Act.

////////

40.

Page 8 - COMPLAINT

As a direct and proximate result of violations by JCP of the Fair Credit Reporting Act, Plaintiff was denied a home equity loan and was damaged thereby.

## Jury Demand

41.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Actual damages in an amount to be determined at trial;

2. Statutory damages in an amount to be determined at trial;

3. Punitive damages in an amount to be determined at trial;

4. Costs and attorney fees provided by statute;

5. Such other relief as the Court finds just and proper.

                                                                      Respectfully submitted,

DATED: December 29, 2008                          **THOMPSON & BOGRÁN, PC**

                                             ____/s/ Roy B. Thompson_____
                                             Roy B. Thompson, OSB 82501
                                             15938 SW Quarry Rd., Suite B-6
                                             Lake Oswego, OR 97035
                                             Telephone:   503-245-6600
                                             Facsimile:    503-244-8399
                                             Cellphone:   503-381-9945
                                             E-mail:       roythompson@comcast.net
                                                    Of Attorneys for Plaintiff

**Page 9 - COMPLAINT**